|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | SOUTHERN DISTRICT OF CALIFORNIA |

| Steven Wayne BONILLA, | Case No.: 24-cv-2501-AGS-MMP |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT AND CLOSING CASE** |
| vs. | |
| Judge Judith McCONNELL, et al., | |
| Defendants. | |

Inmate Steven Wayne Bonilla is suing defendants for civil-rights violations under 42 U.S.C. § 1983. Because he failed to pay the filing fee and is not entitled to proceed in forma pauperis, the case is dismissed without prejudice.

## DISCUSSION

Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). Absent payment, the action may proceed only if the plaintiff seeks and the court grants permission to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) (noting that, absent leave to proceed in forma pauperis, a plaintiff's case cannot go on "unless and until the fee[s] [a]re paid").

Prisoners like Bonilla may request in forma pauperis status, but they "face an additional hurdle." *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). To further "the congressional goal of reducing frivolous prisoner litigation in federal court," prisoners cannot proceed in forma pauperis once they "have, while incarcerated, on 3 or more *prior* occasions had claims dismissed due to their frivolity,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed without prepayment. *Id.*

maliciousness, or failure to state a claim," *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (cleaned up), unless that inmate "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g).

When courts review a dismissal to determine whether it counts as one of these three strikes, "the style of the dismissal or the procedural posture is immaterial" because "the central question is whether the dismissal rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Defendants generally carry the initial burden to produce evidence demonstrating prisoners are no longer entitled to in forma pauperis status based on their litigation history, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

While incarcerated, Bonilla has had dozens of previous civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted—which makes him ineligible to proceed in forma pauperis. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases"); *see also* Fed. R. Evid. 201(b)(2) (judicial-notice rule). Indeed, in dismissing five civil actions for failing to state a claim, an earlier court already informed Bonilla that under "28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action." *In re Bonilla*, Nos. C 11–6306 CW (PR), C 11–6307 CW (PR), C 12–0026 CW (PR), C 12–0027 CW (PR), C 12–0206 CW (PR), 2012 WL 216401, at *3, n.1 (N.D. Cal. Jan. 24, 2012); *see id.* at *1 (noting Bonilla's litigation history, including 34 pro se civil rights actions in the Northern District of California alone,

which were dismissed "because the allegations in the complaints [did] not state a claim for relief under § 1983").

Nor does Bonilla meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). That danger must also "stem[] from the violations of law alleged in [the] complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Bonilla claims his arrest warrant was based on a false affidavit resulting in a void Alameda County criminal judgment. (ECF 1, at 2–3.) Nothing in his complaint satisfies the imminent-danger exception.

## CONCLUSION

Thus, Bonilla's case is **DISMISSED** without prejudice for failure to pay the statutory and administrative $405 civil filing fees. Because Bonilla is not entitled to proceed in forma pauperis, the Clerk of Court is directed to close the case and to reject any further documents for filing in this matter except a timely Notice of Appeal. Bonilla would not be entitled to in forma pauperis status on any such appeal, as this Court "certifies in writing" that an appeal would be frivolous and "not taken in good faith." *See* 28 U.S.C. § 1915(a)(3).

Dated: January 20, 2025

Hon. Andrew G. Schopler
United States District Judge